Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Wayne County Court (John B. Nesbitt, J.), dated March 27, 2013. The order denied the motion of defendant pursuant to CPL 440.10.
It is hereby ordered that the order so appealed from is affirmed.
Memorandum: Defendant appeals from an order denying his motion pursuant to CPL 440.10 seeking to vacate the judgment convicting him of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [b]), which we previously affirmed (People v Gross, 79 AD3d 1660 [2010], lv denied 16 NY3d 895 [2011]). In support of his motion, defendant contended that he was denied effective assistance of counsel based on defense counsel’s failure to object to the testimony of certain non-expert witnesses on the ground that the testimony bolstered the testimony of the victim. Defendant submitted the affirmation of his present attorney, who stated that, when he spoke to trial counsel, she informed him that she did not have a strategic basis for her failure to object to the testimony or to the prosecutor’s reference to the testimony during summation. County Court determined that the testimony, which did not reveal the nature of the conversation that the victim had with the respective witnesses (cf. People v Rosario, 17 NY3d 501, 507-508 [2011]; People v McDaniel, 81 NY2d 10, 14 [1993]), “was *1384 not prejudicial so as to make defense counsel’s failure to object tantamount to ineffective assistance of counsel.” Prior to the court’s decision in this matter, however, we determined in People v Ludwig (104 AD3d 1162, 1163 [2013], lv granted 21 NY3d 1043 [2013]) that the testimony “to explain how the victim eventually disclosed the abuse and how the investigation started” did not constitute improper bolstering because it was not admitted for its truth and thus that defense counsel’s failure to object to the testimony did not constitute ineffective assistance of counsel. We therefore conclude that defendant’s contention lacks merit.
Although not specifically contended by defendant, our dissenting colleagues conclude that defense counsel was ineffective by failing to object to the testimony of the victim that she reported to her mother at age six that defendant had touched her in a sexual manner; that she reported to her sister at age 14 that defendant had raped her; and that she told a police witness and the grand jury what she told the jury during her testimony. We respectfully disagree with that conclusion. Although the dissent correctly notes that the repetition of prior consistent statements may “give to a jury an exaggerated idea of the probative force of a party’s case” (People v Smith, 22 NY3d 462, 466 [2013]), here, the victim’s testimony constituted a narrative of events. Indeed, she did not repeat the specific allegations of her testimony, i.e., that defendant had engaged in anal penetration (cf. People v McNeill, 107 AD3d 1430, 1431 [2013], lv denied 22 NY3d 957 [2013]). In light of defense counsel’s opening statement that the relationship between defendant, the victim and the victim’s mother was such that it could “cause someone to make fake allegations,” the narrative of events was relevant. We also disagree with our dissenting colleagues that defense counsel’s failure to object to the prosecutor’s remarks during summation referencing that testimony constitutes ineffective assistance of counsel. Because the remarks were a fair response to defense counsel’s summation challenging the credibility of the victim and her motivation for making the accusations (see People v Martinez, 114 AD3d 1173, 1173 [2014]), we conclude that the failure of defense counsel to object to those comments does not constitute ineffective assistance of counsel (see id. at 1174).
We also reject defendant’s contention that defense counsel’s failure to consult with a medical expert constitutes ineffective assistance of counsel (see People v Flores, 83 AD3d 1460, 1461 [2011], affd 19 NY3d 881 [2012]; People v Burgos, 90 AD3d 1670, 1670-1671 [2011], lv denied 19 NY3d 862 [2012]; cf. People *1385 v Okongwu, 71 AD3d 1393, 1395-1396 [2010]). The victim was examined by the prosecution expert nearly four years following the last incident of anal penetration, and the expert testified that the exam was normal. The expert further explained that, although the victim reported occasional bleeding following the incidents of anal penetration, she would not expect to see scarring four years later because the area heals quickly. On cross-examination, the expert confirmed that a normal exam would also be consistent with the examination of a child who had not been subjected to anal penetration. We therefore conclude that trial counsel effectively cross-examined the People’s expert and raised an area of possible doubt arising from her testimony (see Flores, 83 AD3d at 1461). Defendant’s attorney stated in his affirmation that trial counsel explained to him that she did not expect that the prosecution expert, who was not a treating physician but only conducted a forensic examination of the victim, would be permitted to repeat the allegations (see People v Ballerstein, 52 AD3d 1192, 1193 [2008]), and that she did not consult an expert inasmuch as the victim’s examination was normal (cf. Okongwu, 71 AD3d at 1395). We therefore conclude that defendant failed to establish the lack of a legitimate explanation for trial counsel’s failure to call a medical witness (see Burgos, 90 AD3d at 1670). We conclude that trial counsel’s explanations for the alleged deficiencies in her representation of defendant did not warrant a hearing on whether defendant was deprived of meaningful representation (cf. People v Zeh, 22 NY3d 1144, 1145-1146 [2014]). We note in addition that, in his affirmation, defendant’s attorney provided citations to medical literature, which purportedly explain that there are a variety of physical manifestations that may be detected upon the exam of a child who was subjected to anal penetration and that only a small percentage of children do not have any such physical manifestation. He contends, therefore, that trial counsel was ineffective in failing to consult with, or call as a witness, an expert with respect to those potential physical manifestations of anal penetration. Defendant failed, however, to provide an expert affidavit indicating that those physical manifestations may be present several years following the last incident of abuse (cf. Gersten v Senkowski, 426 F3d 588, 599-600 [2005], cert denied 547 US 1191 [2006]; see generally Burgos, 90 AD3d at 1670-1671).
We conclude that the court properly denied the motion inasmuch as the record establishes that defendant was provided with meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Although we agree with defendant that defense counsel lacked any strategic or reasonable basis for her *1386 failure to object when the expert witness repeated the specific allegations that defendant had anally penetrated her (cf. People v Spicola, 16 NY3d 441, 451 [2011], cert denied 565 US —, 132 S Ct 400 [2011]; see generally People v Ortega, 15 NY3d 610, 618 [2010]), we nevertheless conclude that the single error in an otherwise competent representation was not so “egregious and prejudicial as to compromise [the] defendant’s right to a fair trial” (People v Caban, 5 NY3d 143, 152 [2005]; cf. People v Turner, 5 NY3d 476, 480-481 [2005]). Defense counsel made effective opening and closing statements challenging the motivation and credibility of the victim; effectively cross-examined the prosecution witnesses; and presented the testimony of several witnesses, including defendant, who contradicted specific details of the victim’s testimony.
All concur except Carni and Lindley, JJ., who dissent and vote to reverse in accordance with the following memorandum.